Bosworth, Ch. J.
—The judge charged “that if the plaintiff knew of, and assented to the proceedings to collect that note (the note made by Salvi) by forwarding it to Havana, and it was lost in the mail, the defendant is not liable.”
Davidson’s letter of the 19th day of November, 1854, stated that he should forward the “bills on Salvi to Mr. Sharfenberg by next packet.” This letter, on its receipt by the defendant, was shown or read to the plaintiff, and “ he made no objection to it.” There was no attempt to contradict or discredit this testimony. The plaintiff by not objecting to this course must be deemed to have assented to it. It is free from doubt, that the plaintiff’s note was so forwarded, and so .lost. Under the instruction of the judge, the defendant was not liable for this note. Its face is $655.25. The other note is but $350, and the verdict is “ $586.65, with interest from June 18th, 1854,” *17 and of course was given either wholly or in part for this note.
It appears free from contradiction, that Salvi, when the note was presented to him, declared it a forgery, and Davidson so wrote tq the defendant by letter dated August the 19th, 1854, and this, as well as the other letters received by defendant from Davidson, relating to plaintiff’s notes, were either shown or read to the plaintiff, and he made no objection to the course Davidson was pursuing.
The instructions of the plaintiff to the defendant were “ to enforce payment (by Salvi,) if refused, without, however, incurring expenses of consequence.”
Or as expressed in defendant's letter of July 22, 1854, “ to take all measures that may be -required to enforce payment, and if that can be done without incurring expenses of consequence, and without subjecting you to trouble.”
To this Davidson replies by his letter of the 19th day of August, 1854, that Salvi “pretends that the signature is a forgery. I will consult my lawyer on the subject. But I consider it useless to commence a suit against him.”
The plaintiff was informed of these facts, and of the views of Davidson, and did not object to what was done, or omitted to be done.
As the agent was instructed to take only such proceeding as could be had without incurring expenses of consequence, and as Salvi declared the signature a forgery, and as the defendant’s agent thought it useless to sue him, and as the plaintiff was advised of all this, and did not object to it, nor to the note being detained, and sent- subsequently to Havana, after Salvi left Mexico for that place; I think he wholly fails to show any negligence on the part of the defendant, or any disregard of the instructions under which he took the note for collection.
The verdict therefore is, in part, if not wholly against the instruction of the judge.
I do not understand the answer as admitting “ a demand by the plaintiff of the notes in question, and a refusal by the defendant to return them.” As to the Masson note, *18 the answer alleges, that defendant’s “agent has, up to the time of the commencement of this suit, with the assent of the plaintiff, been endeavoring to collect said note, and said note is still in his possession for that purpose, but which if not collected, will in a few days be returned to the plaintiff.”
As to the Salvi note, it alleges that the course taken to collect it, and the sending of it to Havana, “was fully known to and sanctioned by the plaintiff.”
I have already stated my conclusion that no negligence or disobedience of instructions is proved in respect to the Salvi note.
It is quite clear, that as to the Masson note, the course to be pursued was left to the discretion of defendant’s agent (Davidson,) and what he did was communicated to the plaintiff, from time to time, and he made no objection to it. There is no evidence that a dollar was collected of Masson or Salvi during this period by any other person, nor is any fact proved tending to show that Davidson did not act discreetly, or in good faith, or that any legal proceedings would presumptively have resulted in collecting either note.
I think the verdict is not warranted by the evidence, and that as it is contrary to the charge of the judge, a new trial must be granted; the costs of the former trial, and of this motion must abide the event of the suit. The verdict is against the law of the case as declared by the judge. As there was no conflict of evidence as to the plaintiff’s assent to send the Salvi note to Havana, and as to its loss by such transmission, the question whether he was liable for its loss, and for not "returning it, was one of law. The costs therefore should abide the event. (*7 Gowen Rep. 461.)
From the order granting a new trial the plaintiff appealed to the general term.
John Townshend, for Appellant.
Thomas H. Rodman, for Respondent.
*19 By the Court. Hoffman, J.
—The defendant was sought to be charged for not collecting, or for his neglect in not taking proper measures to collect, two notes entrusted to him for collection.
The charge of the judge is before us, without exception. The law must be taken as correct, and the jury were bound to follow it.
There were two notes. One, that of Salvi, was .sent to Mexico to the defendant’s agent, presented to Salvi and declared to be a forgery, and he said he would not pay it. Thus far there was not a particle of evidence of such neglect as to charge the defendant.
But the note was sent forward to Havana, to which place Salvi had gone from Mexico, and not directly to New York. It is alleged to have been lost. The judge charged the jury that if that was so, the mere loss of the note would occasion no damage to the plaintiff, who could sue for the amount notwithstanding, and he would not be entitled to any damages in respect to it.
The jury must have found the defendant liable for some part of this note. If they did so, and on account of neglect in Mexico, they acted palpably against evidence ; if they did so on account of the transmission to Havana, they acted against the law as delivered to them.
Eor these reasons, as well as others stated by the Chief Justice, in an opinion upon granting an order appealed from, we are satisfied that the new trial was properly granted.
In regard to the Masson note, the course to be pursued was left to the discretion of the defendant’s agent, and what he did was communicated to the plaintiff, from time to time. The course adopted by the defendant’s agent was unexceptionable. The verdict as to this note, or the part of it included therein, was unwarranted.
Order affirmed with costs.